# Levy et al., Appellants, *v.* Kannofsky.

*Equity—Contract—Breach—Purchase of stock—Action of law.*

One who purchases the majority of the capital stock of a corporation with knowledge that the corporation was indebted to seller in a certain amount, has no standing to maintain a bill in equity against the seller to have cancelled a judgment note given by the corporation to him and to require the seller to return to the corporation a certain cash payment given in satisfaction of such indebtedness, especially where the corporation was not made a party to the suit and the matters in dispute related wholly to the contract of sale and purchase of the stock. In such a case an action at law for damages affords a proper relief for any breach of the contract.

Argued Oct. 22, 1918. Appeal, No. 151, Oct. T., 1918, by plaintiffs, from a decree of C. P. Allegheny Co., Jan. T., 1918, No. 2413, in Equity, dismissing bill in equity in case of Joseph H. Levy et al. v. A. H. Kannofsky. Before Brown, C. J., Frazer, Walling, Simpson and Fox, JJ. Affirmed.

Bill in equity. Before Schafer, P. J.

The bill sought to have a judgment held by defendant against a corporation declared void, and to require the defendant to pay into the treasury of the corporation $600 withdrawn by him. Bill dismissed. Plaintiffs appealed.

*Errors assigned* were findings of facts and the decree of the court dismissing the bill.

*E. E. Fulmer,* for appellant.

*Robert H. Leitch,* of *Leitch & Adelman,* for appellee.

Opinion by Mr. Justice Fox, January 4, 1919:

A written agreement was made on the eighth day of August, 1917, between J. H. Levy and A. H. Kannofsky. Kannofsky agreed to assign to Levy capital stock of the Allegheny Bottling Company of the par value of $9,000,

being a large majority of the stock. In exchange for this Levy was to convey to Kannofsky a farm in Patton Township, Allegheny County, of 110 acres. The agreement contained various other details which are not material to the present controversy, but there was no representation or agreement in the written articles with reference to the indebtedness of the corporation. A dispute arose by reason of a claim made by Kannofsky that there was due him for arrears in salary and for moneys loaned to the company $1,700. Between the date of the signing of the agreement and the actual transfer of the stock and the conveyance of the farm, he paid out of the funds of the corporation the sum of $600 on account of this debt. When this controversy arose, Kannofsky asked that an audit be made of the affairs of the corporation in order to show the amount actually due him. At a regular meeting of the board of directors the auditing committee reported that the corporation still owed Kannofsky the sum of $1,162.30. The board then passed a resolution directing the officers of the company to execute a demand note to Kannofsky for this sum, and the note, containing a clause authorizing the entry of judgment, was delivered to Kannofsky and subsequently judgment was entered thereon. Joseph H. Levy, one of the plaintiffs, was elected secretary of the board, and as secretary entered the minutes of the meeting to which the auditing committee reported. He also recorded the action of the board in ordering the claim paid and actually signed as secretary of the company the note given to Kannofsky for the sum of $1,162.30.

The bill of complaint was filed by J. H. Levy and others alleging that they were all interested in the purchase of this stock and in the exchange of the stock for the farm in Patton Township. The bill asked that the recital contained in the judgment note be declared fraudulent, null and void; that Kannofsky be required to pay into the treasury of the company the sum of $600 withdrawn by him therefrom on account of the alleged in-

debtedness; and that Kannofsky be required to assign ten shares of the capital stock of the Allegheny Bottling Company still retained by him.

The learned judge of the court below found the facts substantially as stated in this opinion and held that, as the plaintiffs were not deceived by Kannofsky as to his claim against the company, the court was without jurisdiction to make the decree prayed for, particularly as the Allegheny Bottling Company was not a party to the bill, and the matters in dispute related wholly to the contract between the appellants and the appellee.

We are of the opinion that the learned judge of the court below committed no error in refusing the relief asked for. If there was a breach of the contract or agreement for the exchange of property entered into between Levy and Kannofsky, the proper remedy was an action at law for such damages as Levy sustained by reason of such breach.

The testimony of Levy does not go to the length of asserting that he was told by Kannofsky that the corporation had no debts. He testified that it was his understanding that the stock was to be free and clear of debts, but he nowhere specifically says that he was so told by Kannofsky. If this was a condition of the exchange it should have been inserted in the written agreement, but as the parties failed to embody any such stipulation in the agreement and there is no evidence of either fraud, accident or mistake, the court quite properly found as a fact that no such agreement was made. Not only does it not appear in the written agreement between the parties, but in the memorandum of agreement employing Joseph A. Brooks, who was the broker that arranged the exchange, there is no such statement made.

We are therefore of the opinion that the findings of fact of the learned judge of the court below were fully justified by the testimony and that his conclusions of law were without error.

The decree is affirmed, at the costs of appellants.